34 F.3d 1072
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
INTERPOOL LIMITED, Plaintiff-Appellee,
v.
E.C. YANG, Defendant,
and
Char Yigh Marine (Panama) S.A. Defendant-Appellant.
INTERPOOL LIMITED, Plaintiff-Appellant,
v.
CHAR CHING MARINE (H.K.) CO., LTD., Char Hsing Marine Co.,
Ltd.; E.C. Yang; Char An Marine (Panama) S.A.; Char Che
Marine (Panama) S.A.; Char Cherng Marine (Panama) S.A.;
Char Chun Marine (Panama S.A.; Char Ning Marine (Panama)
S.A.; Char Fuh Marine (Panama) S.A.; Char Hang Marine
(Panama) S.A. Char Ho Hang Marine (Panama) S.A.; Char Hoong
Marine (Panama) S.A.; Char Hui Marine (Panama) S.A.; Char
Jin Marine (Panama) S.A.; Char Lian Marine (Panama) S.A.;
Char Lo Marine (Panama) S.A.; Char Ly Marine Char Suo
Marine (Panama) S.A.; Char Yeung Marine (Panama) S.A.;
Multi Carrier (Panama) S.A.; C.C. Line Holding, Ltd., Defendants,
and
Char Yigh Marine (Panama) S.A., Defendant-Appellee.
 Nos. 92-55339, 92-55427.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 15, 1994.
Decided Aug. 25, 1994.
 
 Before: WALLACE, CANBY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 This matter comes to us for the second time. On this occasion, it returns from our order of remand in our opinion of December 4, 1989. After a thorough examination of the complete record and the submission and arguments of counsel, we are persuaded that Judge Hill correctly determined that Char Yigh Marine (Panama) S.A. was without legal capacity to maintain its position in this lawsuit. Because the issue of capacity goes directly to whether a litigant is legally able to participate in a cognizable case or controversy, Judge Hill correctly raised this issue on the court's own motion, and when he did, counsel for Char Yigh forthrightly acknowledged on November 22, 1991 (as he was bound to do) that only Char Yigh, not the trustees, was before the court. In this regard, we conclude also that Judge Hill properly exercised his discretion in rejecting Char Yigh's untimely filing pursuant to Local Rule 7.3.3. Accordingly, Judge Hill's summary judgment filed on January 17, 1992 against Char Yigh is affirmed.
 
 
 3
 On cross-appeal, Interpool appeals the district court's refusal to substitute SBG Leasing Co. (Hong Kong), Ltd. as real-party-in-interest third-party claimant pursuant to Rule 17(a) of the Federal Rules of Civil Procedure. We have examined this argument and find it wanting. Judge Hill's ruling was neither based on a misapprehension of the law, nor did it constitute an abuse of discretion. On its face, Rule 17(a) applies to plaintiffs, not defendants. See also Cal.Code of Civ.Pro. Sec. 720.510. Interpool sued a plethora of defendants; in the vernacular, everybody that appeared to have anything to do with this case. If Interpool had wished to proceed against SBG Leasing, it should have done so at the appropriate time and in the appropriate fashion rather than rely on a questionable construction of Rule 17(a) tendered at the eleventh hour in a lengthy series of proceedings.
 
 
 4
 Our holding in this respect moots Interpool's appeal from Judge Hill's denial of its request to increase the amount of security.
 
 
 5
 On the final issue of prejudgment interest, however, it appears that the district court overlooked language in the bond as well as the Letter of Undertaking. Because we cannot find sufficient support in the record for the proposition that prejudgment interest was waived, and because prejudgment interest is awarded in a case such as this as a matter of course, see Alkmeon Naviera, S.A. v. M/V Marina L, 633 F.2d 789 (9th Cir.1980), we vacate the district court's denial of prejudgment interest and remand for reconsideration on this issue.[1]
 
 
 6
 AFFIRMED IN PART, VACATED IN PART, and REMANDED.
 
 
 7
 The parties shall bear their own costs of this appeal.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.Rule 36-3
 
 
 [1]
 We leave to the district court the interpretation of the bond's clause regarding interest